IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALTA MARIE MILLER, *et al.*, | : | Case No. 1:16-cv-937 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| v. | : | **ORDER DENYING DEFENDANTS'** |
| | : | **MOTION IN LIMINE OR TO** |
| CHRIST HOSPITAL, *et al.*, | : | **CONTINUE TRIAL BUT** |
| | : | **GRANTING LIMITED** |
| Defendants. | : | **ADDITIONAL DISCOVERY** |

This matter is before the Court for consideration of Defendants' Motion in Limine to Exclude Evidence or, in the Alternative, to Reopen Discovery and Continue the Date of Trial (Doc. 38). Plaintiffs oppose Defendants' Motion (Doc. 39), and Defendants replied (Doc. 40). For the reasons set forth below, the Court will **DENY** Defendants' Motion in Limine and **DENY** Defendants' request to continue the trial. However, the Court will **GRANT** Defendants' request for extremely limited supplemental discovery.

Plaintiffs, a deaf couple, allege that they are entitled to certain auxiliary aids and services under Title III of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 12181–12189, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Ohio Revised Code § 4112.02(G). Plaintiffs further allege that Defendants, a hospital and an affiliated organization of physicians, have discriminated against them and continue to discriminate against them by denying them the auxiliary aids and services necessary to ensure effective communication with staff and physicians.

Plaintiffs continue to seek medical care from Defendants and allege that Defendants are engaging in ongoing violations of Plaintiffs' rights under the ADA and other applicable laws. Plaintiffs' counsel recently provided supplemental discovery related to the ongoing violations alleged.

The discovery deadline in this case passed on May 31, 2019. Defendants contend that any evidence of violations allegedly committed after May 31, 2019 must be excluded from this case because the evidence was not provided by the discovery deadline.

The Court disagrees. Defendants are not prejudiced by the newly-provided evidence in this matter. Plaintiffs alleged from the outset that Defendants' policies are insufficient to protect their rights and that ongoing violations occur. (Complaint, Doc. 1 at PageID 14.) Defendants identified a representative—Dana Cheyne—to whom Plaintiffs should direct concerns, and Plaintiffs have complained directly to the Defendants' representative every time a new incident occurs. Thus, Defendants cannot credibly argue surprise at the ongoing incidents alleged.

However, the Court agrees with Defendants that a date certain must be identified after which no new information may be referenced at trial. The Court conducted the Final Pretrial Conference in this matter on December 16, 2019. At that conference, it was evident to the Court that Defendants and their attorneys were aware of the more recent incidents at issue. Indeed, Defendants filed their Motion in Limine seeking to exclude evidence of those incidents on December 10, 2019. Accordingly, the Court hereby orders as follows:

1. Evidence of events occurring AFTER December 16, 2019 will be excluded;
2. Discovery is reopened for the sole purpose of supplementing discovery responses and redeposing Mr. Miller or other necessary witnesses regarding incidents

alleged to have occurred after May 31, 2019 (the discovery deadline) but before December 16, 2019 (the final pretrial conference);

3. The trial will go forward as scheduled on January 13, 2020.

**IT IS SO ORDERED.**

Dated: 12/19/19

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court